Albert LOPEZ, Petitioner,

v.

UNITED STATES, Respondent.

No. CIV.A.99–11525–NMG.

United States District Court,
D. Massachusetts.

May 19, 2003.

Heidi E. Brieger, United States Attorney's Office, Boston, MA, for United States of America, Respondent.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Petitioner Albert Lopez moves this Court for a certificate of appealability ("COA") with respect to its Order of June 10, 2002 dismissing his collateral motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. Factual Background

Petitioner was convicted by a jury in this Court on August 14, 1995 of 1) conspiracy to possess heroin and cocaine base with intent to distribute, 2) possession of heroin with intent to distribute and distribution of heroin and 3) possession of cocaine base with intent to distribute and distribution. On October 3, 1995 this Court sentenced petitioner to a mandatory life term in prison based upon his status as a "career offender" and his prior narcotics convictions. That sentence was upheld by the First Circuit Court of Appeals on June 12, 1998. See United States v. Lopez, 147 F.3d 1 (1st Cir.1998).

Petitioner brought a collateral motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on July 12, 1999 and this Court denied that motion in its entirety on June 10, 2002. Petitioner appealed that denial to the First Circuit which refused to hear that appeal until petitioner moved for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) and this Court pronounced upon that motion. Petitioner subsequently moved this Court for a COA.

### II. Legal Analysis

A federal prisoner seeking to appeal the district court's denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 must first obtain a COA. See 28 U.S.C. § 2253(c)(1)(B). In the First Circuit, the petitioner must first

seek that COA from the district court. *See* Local Rule 22.1(a). A COA issued by the district court is sufficient, standing alone, to permit an appeal on the merits of the habeas petition. *See Grant–Chase v. Comm'r, N.H. Dept. of Corr.,* 145 F.3d 431, 435 (1st Cir.1998). If, however, the district court denies a petitioner's application for a COA, "the applicant may request a circuit judge to issue the certificate." Fed. R.App. P. 22(b)(1).

A COA will issue only where the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under that standard, a petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further." *Miller–El,* 537 U.S. 322, 335–36, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931, 949 (2003) (internal quotation marks omitted). In plain English, this Court is to grant a COA if the issues on which it found against the petitioner were close. This Court must state the reasons why the COA should not issue if it denies the COA. *See* Local Rule 22.1(a).

Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is based on two broad categories of error: violation of his Sixth Amendment right to effective assistance of counsel and deprivation of his liberty without due process of law.

## A. Ineffective Assistance of Counsel

In order to prove ineffective assistance of counsel, petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington,* 466

U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Mello v. DiPaulo,* 295 F.3d 137, 142 (1st Cir.2002).

### 1. Trial Counsel

Petitioner argued in his motion that his counsel's assistance at his trial was ineffective because his counsel 1) failed to move the Court for expert funds to hire an interpreter to review recorded conversations between him and the DEA agent, 2) failed to prepare defense transcripts of the government's recordings of same, 3) failed to move to obtain the tapes and transcripts of the recorded conversations within a reasonable time before trial, 4) made an unprofessional objection to the introduction of the tapes and transcripts, 5) failed to subpoena the government's confidential informant and 6) caused defendant to sign a stipulation regarding the kind of narcotics purchased. No reasonable jurist could conclude that trial counsel's performance fell below an objective standard of reasonableness in the circumstances of this case *and* that a reasonable probability exists that the outcome of the case would have been any different had counsel performed as petitioner now alleges he should have performed.

### a. Expert Funds to Hire an Interpreter

Petitioner makes no argument that his counsel did not know the English equivalent of what was being said on the tapes and government transcripts. Indeed, counsel could have, and likely did, rely on petitioner's translations. Petitioner, therefore, makes no substantial showing that it was unreasonable not to move for funds to hire an interpreter.

### b. Defense Transcripts of Government's Recordings

No substantial showing of the denial of a constitutional right is possible be-

cause defense counsel reasonably relied on other methods, such as cross-examination and objections, to discredit the governments transcripts. Petitioner does not even make a colorable attempt to explain why his own version was necessary.

### c. Failure to Obtain Tapes and Transcripts

■ The First Circuit already held on direct appeal that, even though *this Court* should have given petitioner more time to review the tapes before trial, no prejudice resulted to petitioner therefrom. *Lopez,* 147 F.3d at 5. Thus, even if it were error for counsel not to have requested the tapes before he did, it has already been determined that that error did not prejudice petitioner. *See Argencourt v. United States,* 78 F.3d 14, 16 n. 1 (1st Cir.1996).

### d. Unprofessional Objection

■ Petitioner claims that his counsel erred in failing to object to the tapes before trial. His counsel objected to them, without success, during trial and there is no reason to believe that the Court's determination would have been any different before trial. Even had the tapes been excluded because of an early objection, the outcome of the case would have been no different because of the ample evidence the government presented of petitioner's guilt apart from the tapes and transcripts.

### e. Failure to Subpoena the Confidential Informant

Petitioner does not allege what he thinks the informant's testimony would have been. Absent that, petitioner has made no substantial showing of the denial of effective assistance of counsel.

### f. The Stipulation

■ Reasonable jurists could conclude that counsel's performance with respect to the stipulation of the kind and amount of narcotics involved fell below an objective standard of reasonableness in the circumstances of this case. Prior to trial, the government and petitioner's counsel, without petitioner's consent, stipulated as to the amount and kind of drugs sold by the petitioner. Although at trial this Court found counsel's action to be reasonable, it noted in its Order denying petitioner's collateral motion on the merits that "post-*Apprendi,* defense counsel's stipulation is problematic" and "may have been unreasonable." *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); *see also Derman v. United States,* 298 F.3d 34, 42 (1st Cir.2002) ("In hindsight, the trial court should have asked the jury to determine, beyond a reasonable doubt, whether the underlying conspiracy involved a drug quantity sufficient to trigger a sentence higher than the five-year default statutory maximum").

This Court, nonetheless, denied petitioner's motion on the merits because *Apprendi* had been decided after petitioner's conviction became final and because no controlling authority had as yet held *Apprendi* to apply retroactively. *See Cruz v. United States,* 54 Fed.Appx. 331, 331, 2003 WL 105355 (1st Cir.2003) (leaving the question open); *Derman,* 298 F.3d at 44 n. 6 (same).

Regardless of the retroactivity of *Apprendi,* no reasonable jurist could conclude that a reasonable probability exists that the outcome of the case would have been any different had counsel not stipulated to (and had the Court not withheld from the jury the determination of) the amount and kind of narcotics at issue. Absent the stipulation, the same evidence would have

quite easily come before the jury in the form of laboratory results.

### 2. Sentencing Counsel

■ Petitioner argued in his motion that his counsel's assistance at his sentencing was ineffective because counsel failed to argue for a downward departure based on petitioner's acceptance of responsibility or to offer any mitigating evidence. But petitioner never demonstrated acceptance of responsibility and no reasonable jurist could conclude that counsel's performance fell below an objective standard of reasonableness in the circumstances of this case because it would have been futile for counsel to offer the defendant's acceptance of responsibility as mitigating evidence. Furthermore, petitioner failed to identify what mitigating evidence his counsel should have offered. He has, therefore, made no substantial showing that his counsel rendered ineffective assistance at sentencing.

### 3. Appellate Counsel

■ Finally, petitioner argued in his motion that his counsel's assistance on his direct appeal was ineffective because counsel failed to raise the issue of the multiplicitous indictment or to assert the ineffective assistance of counsel claim in the correct venue. This Court said in its Order denying petitioner's motion on the merits that the second claim was "altogether devoid of merit" and that the first was "no stronger." Petitioner, therefore, has made no substantial showing of the denial of effective assistance of counsel.

In summary, petitioner has failed to make the requisite "substantial showing" that he was denied his Sixth Amendment right to effective assistance of counsel at trial, sentencing or on direct appeal and his motion for a COA on that ground will be denied.

### B. Due Process Violations

### 1. Prosecutorial Misconduct

Petitioner claims that the prosecutor violated his due process rights by 1) offering him a plea agreement that was "undeliverable", 2) obtaining indictments using perjured and purchased testimony, 3) destroying evidence, 4) withholding impeachment evidence and 5) impermissibly referring to his prior convictions in closing argument. Petitioner failed to pursue any of those claims on direct appeal.

■ This Court rejected petitioner's claims with respect to prosecutorial misconduct because petitioner failed to raise them on direct appeal or proffer a legally adequate excuse for failing to do so. *See Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"). Absent any attempt by petitioner to explain why he failed to raise those claims on direct appeal or to argue that he is actually innocent, no jurist could reasonably argue that petitioner's motion should have been resolved differently. In any event, in its Order denying petitioner's collateral motion, this Court found on the merits that most of his claims of prosecutorial misconduct bordered on the frivolous. Petitioner has, therefore, failed to make a substantial showing that he was denied his constitutional right of due process through prosecutorial misconduct.

### 2. Trial Errors

Petitioner claims that this Court violated his due process rights by 1) failing to test the accuracy of the translated transcripts, 2) failing to employ safeguards before submitting the transcripts to the jury, 3) ad-

mitting the transcripts in lieu of the tape recordings, 4) belatedly ordering the delivery of the tapes to petitioner before trial, 5) excluding evidence of entrapment, and 6) failing to place the burden on the government to prove, by a preponderance of the evidence, that the narcotic at issue was cocaine base.

With respect to petitioner's fourth and fifth alleged errors, this Court denied petitioner's motion because they had been decided against petitioner on direct appeal and could not, therefore, be revisited here. *Argencourt*, 78 F.3d at 16 n. 1. No reasonable jurist could conclude otherwise. With respect to the other four alleged trial court errors, as with petitioner's alleged prosecutorial misconduct, this Court denied his motion because he failed to raise such errors on direct appeal or proffer a legally adequate excuse for not doing so. Under *Bousley*, therefore, absent any attempt by petitioner to explain why he failed to raise those claims on direct appeal or to argue that he is actually innocent, no jurist could reasonably argue that the petition should have been resolved differently and petitioner has failed to make a substantial showing that he was denied a constitutional right through trial errors. *See Bousley v. United States*, 523 U.S. at 622, 118 S.Ct. 1604.

In summary, petitioner has failed to make the requisite "substantial showing" that he was denied due process of law and his motion for a COA on that ground will also be denied.

## ORDER

Pursuant to the foregoing memorandum, petitioner's motion for a COA (Docket No. 29) is **DENIED**.

So ordered.